*Reversed and remanded.*

Opinion delivered November 21, 1883.

---

[No. 1620.].

### Ed. Willis v. The State.

Theft—Evidence—New Trial.—See the opinion *in extenso* for circumstantial evidence *held* to be too unsubstantial and inconclusive to sustain a conviction for the theft of a yearling; wherefore a new trial should have been granted by the court below.

Appeal from the District Court of Houston. Tried below before the Hon. J. R. Kennard.

The conviction in this case was for the theft of a yearling, the property of J. R. B. Barbee. The penalty imposed was a term of two years in the penitentiary. The opinion states the facts.

*L. N. Cooper*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. About the tenth day of August, 1882, J. R. B. Barbee owned a muley yearling, which was with its mother in their range near defendant's home, in Houston county. About the time stated above the yearling was missing, and has not since been seen. It was a sucking yearling at the time it was missing. Barbee, suspecting defendant of the theft of the year-

ling, obtained a search warrant, and the house and premises of the defendant were searched, which search resulted in the following named discoveries:

1. An oyster can, on a shelf in the house, containing some small pieces of beef and bone mixed with salt, having the appearance of scrapings from a table where beef had been cut up; these pieces of beef also appeared to be fresh.

2. A very small piece of unrendered beef tallow, about the size of the little finger of the witness who testified about it.

3. Blood on the wall of the house, and on a table, like meat had been cut up on the table.

4. In the ashes of a brush heap which had been burned on the premises, some rolls or bunches of grass, having the appearance of being a part of the contents of the stomach of some grass-eating animal, were found; also in the ashes were found some pieces of the entrails of some animal.

5. About four hundred yards from defendant's house the head of a muley yearling, which was identified as that of the missing yearling, was found. There was a bullet hole in the head, and the ears had been cut off. No other indications that the animal had been slaughtered there were found. The head was as near or nearer to other houses as to defendant's.

6. Defendant owned a rifle gun, the ball of which would have made a hole corresponding to the bullet hole found in the yearling's head.

These discoveries constitute the entire evidence of the State. It was shown by defendant that on the day before the yearling was supposed to have been killed one of his neighbors had taken a piece of fresh beef to his house, and, finding the door of the house closed and no one at home, had shoved the meat through a crack in the wall, the meat falling upon a table which was beneath the crack. He further proved his whereabouts on the day the yearling was supposed to have been killed, and, if his witnesses testified truly, he was away from home, and at a different place from where the yearling was killed. In regard to the burnt brush heap, it was proved that defendant's wife had burned it to get ashes to make soap.

Upon the evidence, as we have recited it, substantially, the defendant was convicted of the theft of the yearling, and his punishment was assessed at two years confinement in the penitentiary. Defendant moved the court for a new trial, which motion was overruled.

We cannot allow this conviction to stand. . In our judgment it is wholly unsupported by the evidence, and it is a matter of surprise to this court that the learned trial judge refused to set aside the verdict of the jury, based upon such flimsy, shadowy, unsubstantial circumstances. Convictions for crime cannot be sustained before this court upon mere suspicions and possibilities. There must be evidence of the accused's guilt, such as the law demands. The court erred in refusing to set aside the verdict, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 24, 1883.